UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X

BISHOP F.F. BEST,

                Plaintiff,                MEMORANDUM & ORDER
  -against-

                                            05-CV-2192 (NGG)

HOMETECH BUILDING CORPORATION,

                Defendant.
---------------------------------------------------------------X

GARAUFIS, United States District Judge:

Plaintiff, appearing *pro se*, brings this action seeking to resolve a dispute over the ownership of the property located at 1080 Greene Avenue. Plaintiff seeks a "restraining order" to stop defendant from "putting [plaintiff] out of his home" and to stop the "police department from arresting [plaintiff] until this matter is ad[judicated]." Complaint at 8.[1] Although plaintiff paid the filing fee to commence this action, the complaint is dismissed for lack of subject matter jurisdiction.

I.     Background

A careful reading of the complaint reveals that plaintiff entered into an agreement to sell his apartment located at 1080 Greene Avenue to Mr. Leon Albert sometime in March 2004. Plaintiff alleges that he was told that in exchange for selling him his apartment, Mr. Albert would sell plaintiff "a brand new [three-family] house [in Queens] for three hundred thousand dollars." Complaint at 1-2. Plaintiff alleges that Mr. Albert also said that he would assist plaintiff in

---

[1] The pages of the complaint and supporting documents have been numbered for ease of reference.

1

obtaining from the bank "five percent down, five percent mortgage interest rate," and that there would be no lawyer's fee and "Mr. Albert could and would remove all violations off the property for free." Complaint at 2. The closing for 1080 Greene Avenue occurred on May 28, 2004. Id. When plaintiff took the checks totaling one hundred twenty-nine thousand dollars to the bank the next day, the bank refused to cash the checks. Id. Plaintiff contacted a lawyer across the street from the bank who was unable to assist him. Id. "At that point, I called off the deal of letting them purchasing my house, I tried to give back all the useless checks." Id. On page three of the complaint, plaintiff describes the ongoing and escalating dispute over the Greene Avenue property with Mr. Albert regarding monies paid to plaintiff, attempted arrests of plaintiff and the changing of the locks at the property.

Hometech Building Corporation, although the only named defendant to this action, is not identified in the complaint. It is however mentioned twice in plaintiff's submission, once in an attachment and again on a page eight, captioned "restraining order."[2] Plaintiff attaches a decision dated January 28, 2005 from the landlord tenant section of Civil Court of the City of New York, Kings County, which dismissed Hometech Building Corporation's petition for possession of 1080 Greene Street on the grounds that it is a multi-unit dwelling for which separate proceedings for each unit must be filed. Page eight of plaintiff's complaint states that plaintiff seeks "to stop Home Tech Building Corporation from putting [plaintiff] out of his home" and "to stop the Home Tech people and staff from entering 1080 Greene Ave." Complaint at 8.

---

[2] Even if the Court were to construe this as an application for a temporary restraining order, the Court could not grant plaintiff relief as the Court lacks subject matter jurisdiction over this action.

**II.     Discussion**

The subject matter jurisdiction of the federal courts is limited.  Federal jurisdiction is available only when a "federal question" is presented, 28 U.S.C. § 1331, or when the plaintiff and defendant are of diverse citizenship and the amount in controversy exceeds $75,000.00.  28 U.S.C. § 1332.  "The absence of such jurisdiction is non-waivable; before deciding any case we are required to assure ourselves that the case is properly within our subject matter jurisdiction." Wynn v. AC Rochester, 273 F.3d 153, 157 (2d Cir. 2001).  "It is common ground that in our federal system of limited jurisdiction any party or the court *sua sponte*, at any stage of the proceedings, may raise the question of whether the court has subject matter jurisdiction . . . " Manway Constr. Co. Inc. v. Housing Authority of City of Hartford, 711 F.2d 501, 503 (2d Cir. 1983).  Where jurisdiction is lacking, dismissal is mandatory.  Id.; see also Fed. R. Civ. P. 12 (h)(3).

According this *pro se* complaint the close and sympathetic reading to which it is entitled, Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (*per curiam*), it reveals no basis for the exercise of subject matter jurisdiction over plaintiff's suit.  Plaintiff has not presented a federal question nor does he allege a basis for the Court's diversity jurisdiction.   Although plaintiff states that his claim is brought pursuant to 42 U.S.C. § 1983, defendant does not act under the color of state law.  See Pitchell v. Callan, 13 F.3d 545, 547 (2d Cir. 1994) (citation omitted) (to state a claim under section 1983, "the conduct complained of must have been committed by a person acting under color of state law," and "the conduct complained of must have deprived a person of rights, privileges or immunities secured by the Constitution or laws of the United States.").  The Court has considered allowing plaintiff an opportunity to amend his complaint, Cruz v. Gomez, 202

3

F.3d 593 (2d Cir. 2000), however it declines to do so here where it is clear from the face of the complaint that the Court lacks subject matter jurisdiction.

## III. Conclusion

Accordingly, plaintiff's complaint is dismissed for lack of subject matter jurisdiction. Fed. R. Civ. P. 12 (h)(3). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

The Clerk of the Court is directed to close this case.


SO ORDERED.

Dated: July 13, 2005                        /s/ Nicholas G. Garaufis  
Brooklyn, New York                  NICHOLAS G. GARAUFIS  
                                                  United States District Judge